No. 46,915

STATE OF KANSAS, *Appellant,* v. PAUL LUSCOMBE, *Appellee.*

(506 P. 2d 1141)

Opinion filed March 3, 1972.

*Max M. Hinkle,* County Attorney, and *William L. Winkley,* Assistant County Attorney, and *Vern Miller,* Attorney General, were on the brief for the appellant.

*John F. Christner,* of Abilene, was on the brief for the appellee.

*Per Curiam:* This is an appeal by the state from the judgment of the trial court sustaining defendant's motion to suppress his self-incriminating testimony given at the preliminary hearing of another. The facts are not in dispute.

Defendant was subpoenaed and called as a witness by the state at the preliminary hearing for Claude F. Thompson, Jr. who was charged with obtaining a warrant-check in the amount of $994.97 from the City of Herington, Kansas, by the devise of a faked writing with intent to defraud said city. At the time defendant testified he was not represented by counsel, not under arrest, and not under investigation or suspicion.

Defendant, without objecting, answered, under oath, all of the questions put to him by the court or counsel. His testimony amounted to a judicial confession that he had participated in the offense charged against Thompson. Defendant was not advised or cautioned by anyone of his right to refuse to answer any question that might tend to incriminate him, and he did not know of that right.

Based upon his testimony defendant was charged with the same offense as that charged against Thompson, and at his preliminary hearing all of his testimony at the Thompson hearing was admitted in evidence against him. Defendant was bound over to the district court for trial; entered a plea of not guilty and filed a motion to suppress the testimony which he had given at the Thompson hearing contending the admissions were not voluntarily made because he had testified without the assistance of counsel to advise him; and that he had made no knowing and intelligent waiver of his right not to incriminate himself.

The trial court suppressed all of defendant's testimony except that he had received some of the $994.97 paid to Thompson. There was no error in the trial court's ruling.

The testimony of a witness, taken at a preliminary hearing of another, in which self-incriminating statements were made, is not admissible against him in a subsequent prosecution for a criminal offense where at the time he gave the testimony he was not advised, and did not know, of his right to refuse to answer any question that might tend to incriminate him. (21 Am. Jur. 2d, Criminal Law, Waiver, § 357, p. 384; *State v. Harriott*, 248 Iowa 25, 79 N. W. 2d 332; and *State v. Ceaser*, 249 La. 435, 187 So. 2d 432.)

The judgment of the trial court is affirmed.